By the Court.—Sedgwick, J.
Beyond controversy, the principle on which the learned judge placed his charge was sound. A special partner must contribute in actual cash payments, a specific sum, as capital, to the common stock. A general partner must make affidavit that the sum specified in the certificate to have been contributed by the special partner, has been actually and in good.faith paid in cash, and if any false statement be made in the affidavit, all the persons in the partnership are liable as general partners (1 Edmonds' R. S. pp. 716, 717, §§ 2, 7, 8).
If the sale in this case were merely colorable, were a device and cover for the putting in of merchandise as special capital in the stead of cash, then the defendant E. L. Merrifield did not actually and in good faith pay in cash. This would not be the fact, however, if this defendant was the real owner in his own right, and not for another, of the cash that was.paid in by him, for then all would be done towards the actual contribution of cash, that ever could be done. The question is, therefore, was there any testimony at all, upon which the jury could rightfully say, that the sale was a contrivance to put into the common stock, as special capital, goods in the place of cash. The plaintiff’s witness, the general partner,- McDowell, gave the only testimony on this point, excepting what was said in confirmation by the defendant as a witness. McDowell testified that the defendant said that the law would not permit him to use goods as special capital. Thereupon the defendant sold the goods to McDowell, and McDowell paid for them in cash. There seems to be no evidence, by which this transaction can be construed to have a character other than is given by the unambiguous meaning of the words of McDowell’s testi *41 mony. As before the sale McDowell had the cash, and could have, by paying it into the partnership, become a special partner, so could Merrifield, after the sale, upon becoming possessed of McDowell’s title to the money.
The learned counsel for the plaintiff urges that this simple view does not consider all the facts of the case. His general position is that there were facts on which the jury might say that the capital, although actually paid in by Merrifield, was not paid in in good faith, within the meaning of the statute. There are several suggestions as to the bad faith that might have been found by the jury. They are that the defendant wrongfully or in some way fraudulently induced McDowell to take the goods at a price greatly above their value; that the circumstances show that the real object, of the parties was not a purchase and sale of merchandise ; that the sale was only colorable, the real intent of the parties being to make E. L. Merrifield a special partner by his contribution of merchandise, through the hands of McDowell, while McDowell contributed his cash as general partner, through the hands of E. L. Merrifield.
It seems to me to be clear, that the purpose of the statute is satisfied to every intent, when the owner of money in fact pays it into the common stock under the forms of the statute, and it is thereafter, left to the risks of the business, with an accompanying intent on the part of the owner absolutely so to pay and so to leave the cash. The good faith required by the statute, exists when there are no intents and no purposes on the part of the special partner, of making the apparent payment and the apparent devotion of the special capital to the business any otherwise than real, actual or absolute.
Ho part of the statute regulates the means which may be used by the special partner to obtain the *42 money which he makes capital. If they be fraudulent or unlawful, the remedy is not given by this statute, nor, while the other demands of the statute are answered, do those means injure the creditors or the other partners. The nature of the transaction between E. L. Merrifield and McDowell is immaterial to the issue of special partner or not, so long as it is a fact, that Merrifield became the owner of the money paid by McDowell. And when that fact is established, it cannot also be a fact, that the sale was colorable. It was a substantial sale, and not the appearance of a sale.
Indeed, the previous arrangement between these persons involved the object of enabling Merrifield to become a special partner in fact, and not merely in form or pretense. If it be supposed that McDowell was over-reached, the legal effect of his acts and of his not subsequently questioning the sale, was exactly the same as if the sale did not admit of being impeached.
It is certain that if the sale had not been made, defendant Merrifield could not have become a special partner by the use of his goods in specie, and the evidence shows that he knew it and did not attempt it. There is nothing evasive of the statute that by a transaction lawful as to third parties he became possessed of money which he could lawfully use under the statute.
There is, no doubt, a suspicion engendered (while the partnership articles called upon McDowell to pay in as his share of capital $5,000 in merchandise or in cash, wholly or partly), from his paying in as his share the merchandise sold to him, as of the value of $5,000, although he swears as a witness that it was worth much less. McDowell was not an adverse or unwilling witness. He did not intimate, in his testimony, that as a part of the circumstances connected with the sale, it was arranged or understood that he should pay as capital anything less than would satisfy the partnership *43 articles. If this had been agreed, then it could not be maintained that McDowell did not know the value of the goods for which he paid over $5,000. There does remain a suspicion, if the testimony is to be believed, that the understanding was that the goods were to be deemed worth $5,000 when put in by McDowell as his capital, although they were worth much less. If it be granted that the jury so found upon sufficient evidence, still it cannot be seen that these depreciated goods were really a part of the special capital. They were McDowell’s, and not Merrifleld’s. The special partner had no individual interest based upon them. And, in fact, the only supposable wrong that might be connected with this matter would be, that it was meant to represent, in order to get credit, that McDowell had contributed stock that was equal to $5,000 in capital. We do not know from the testimony whether there was a misrepresentation of this kind. And it was not relevant to the question as to whether the statute had been broken; for, as we have seen, the statute means to secure only that there shad be a special capital of cash, and leaves creditors for protection in other regards to other statutes or the unwritten law. Whatever general wrongful purpose there might be, the defendant Merrifleld would only be liable, after a consummation of the wrong,. in an action specifically charging it. It would not necessarily involve proof of the breach of this statute. The wrong would be consistent with, and perhaps its perpetration might involve, a scrupulous observance of the statute.
I have unnecessarily gone beyond the scope of the exception to be considered. That was to the charge of the court, that if the sale was colorable, a contrivance to effect the semblance of a payment in money, while in reality his only contribution was a stock of goods, the defendant E. L. Merrifleld was a general partner. As I think the sale was actual and the title to the *44 money actually passed as between the parties, the exception reserved for the decision of the general term, by the learned judge, should be sustained as to the defendant E. L. Merrifield. There is no reason for setting aside the verdict as to Silas Merrifield.
As to defendant Silas Merrifield the exceptions are overruled, and judgment ordered on the verdict, with costs. As to defendant E. L. Merrifield the exceptions are sustained, and the verdict against him set aside and new trial ordered, with costs to abide event.
Speir, J., concurred.